IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRANDI WORTHAM**                                                                              **PLAINTIFF**

v.                                                    **Case No. 4:19-cv-00069-KGB**

**CITY OF BENTON, ARKANSAS**                                            **DEFENDANT**

**ORDER**

Before the Court is a motion for reconsideration and to set aside and incorporated brief in support filed by defendant City of Benton, Arkansas (Dkt. No. 66). Plaintiff Brandi Wortham filed a response, and the City of Benton filed a reply (Dkt. Nos. 68, 70). The City of Benton filed this motion urging the Court to reconsider parts of its September 13, 2021, Order wherein the Court denied both parties' motions for summary judgment (Dkt. No. 63). The City of Benton contends that the Court's September 13, 2021, Order misinterpreted the City of Benton's arguments around Ms. Wortham's entitlement to disability-based accommodations when she accessed city services (Dkt. No. 66, at 5). The City of Benton also maintains that the record evidence does not support the contention that the City of Benton manifested deliberate indifference in any interaction in which it failed to provide effective communication to Ms. Wortham (*Id.*, at 12). Based on the record evidence and both parties' filings, genuine issues of material fact remain as to outcome determinative issues in the case. For these reasons, the Court denies the City of Benton's motion for reconsideration (Dkt. No. 66).

      **I.**       **Background**

Ms. Wortham, a "profoundly deaf individual," brought this action against the City of Benton alleging violations of the Americans with Disabilities Act ("ADA"), 42 § U.S.C. § 12131 *et seq.*, and its implementing regulations, 28 C.F.R. Part 35; Section 504 of the Rehabilitation Act

of 1973 ("RA"), 29 U.S.C. § 794; and the Arkansas Civil Rights Act ("ACRA"), Arkansas Code Annotated § 16-123-107 (Dkt. No. 24).  Ms. Wortham argues that she was discriminated against and denied reasonable accommodations in violation of the above-listed statutes (*Id.*, ¶¶ 1, 77-82, 87-90, 95-97).  Specifically, Ms. Wortham claims that the City of Benton, by and through the Benton Police Department ("BPD"), failed to communicate effectively with her during numerous interactions spanning multiple years, as BPD refused to provide her an American Sign Language ("ASL") interpreter (*Id.*, ¶¶ 12-44).

On December 10, 2020, Ms. Wortham filed for summary judgment in this matter (Dkt. No. 33).  The City of Benton followed suit four days later with its own motion for summary judgment (Dkt. No. 38).  Ms. Wortham argued that police officers from BPD violated the ADA, RA, and ACRA over a multi-year span because they failed to provide her with adequate means of communication during several interactions, entitling her to judgment as a matter of law (Dkt. No. 33, at 1).  Conversely, the City of Benton argued for summary judgment in its favor, stating it provided Ms. Wortham with effective communication, granted her meaningful access to city services, and did not demonstrate deliberate indifference to her needs (Dkt. No. 39, at 2).

The Court entered the September 13, 2021, Order denying both parties' motions for summary judgment (Dkt. No. 63).  In that Order, the Court considered the text of the ADA, the RA, and the ACRA, and pertinent implementing regulations; surveyed relevant case law; studied the factual record presented to the Court; and reached several conclusions at the summary judgment stage (*Id.*).  The Court rejected the argument that Ms. Wortham, as a matter of law, could not demonstrate that BPD denied her the benefit of a public entity's service (*Id.*, at 16).  The Court declined to find, as a matter of law, that the BPD provided Ms. Wortham with meaningful access to city services (*Id.*, at 17-18).  Lastly, the Court found that genuine disputes of material fact

pervaded the suit in a way that necessitated a trier of fact to determine, among other matters: (1) if a violation of the law occurred and (2) whether the City of Benton owes Ms. Wortham compensatory damages as a result (*Id.*, at 9-20).

The City of Benton shortly thereafter filed the instant motion for reconsideration (Dkt. No. 66, at 3).

## II. Legal Standard

District courts have the inherent power to reconsider an interlocutory order any time prior to the entry of judgment. *See Lovett v. Gen. Motors Corp.*, 975 F.2d 518, 522 (8th Cir. 1992). "When a district court is convinced that it incorrectly decided a legal question in an interlocutory ruling, the district court may correct the decision to avoid later reversal." *Id.* (citing *In re Unioil, Inc.*, 962 F.2d 988, 993 (10th Cir. 1992)). "A 'motion for reconsideration' is not described in the Federal Rules of Civil Procedure, but such a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). The Eighth Circuit has "determined that motions for reconsideration are 'nothing more than Rule 60(b) motions when directed at non-final orders.'" *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006) (quoting *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003)).

Under Rule 60(b), the Court may relieve a party from an order on the narrow grounds of mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; voidness; satisfaction of judgment; or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). "The rule 'provides for extraordinary relief which may be granted only upon an adequate showing of

exceptional circumstances.'" *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008) (quoting *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986)); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 866 (8th Cir. 2007) ("Rule 60(b) authorizes relief in only the most exceptional of cases."); *United States v. One Parcel of Property Located at Tracts 10 & 11 of Lakeview Heights, Canyon Lake, Comal Cnty., Tex.*, 51 F.3d 117, 119 (8th Cir. 1995) (concluding that a motion to reconsider filed under Rule 60(b) requires the moving party to establish "exceptional circumstances" to obtain the "extraordinary relief" the rule provides).

"Rule 60(b) is a motion grounded in equity and exists to prevent the [order or] judgment from becoming a vehicle of injustice." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (internal quotation marks omitted). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010). Importantly, a motion to reconsider should not be used "to raise arguments which could have been raised prior to the issuance of" the challenged order or judgment. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988), *cert denied*, 488 U.S. 820 (1988).

In particular, as it pertains to Rule 60(b)(6), the Eighth Circuit has provided the following guidance:

> Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the usual channels." *In re Zimmerman,* 869 F.2d 1126, 1128 (8th Cir. 1989). . . . "Exceptional circumstances" are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress.

*Atkinson v. Prudential Prop. Co.*, 43 F.3d 367, 373 (8th Cir. 1994).

### III. Discussion

The City of Benton moves for reconsideration of the Court's Order denying its motion for summary judgment, arguing that the Court "gave significant weight to irrelevant or improper factors and committed a clear error of judgment in evaluating both parties' arguments" (Dkt. No. 66, at 3). The City of Benton maintains that the Court "conflated" its arguments and failed to see the different issues presented (*Id.,* at 4). The City of Benton points to the sheer number of interactions between Ms. Wortham and the BPD as the reason for the Court's alleged confusion (*Id.*). The Court disagrees.

As the Eighth Circuit made clear in *In re Zimmerman*, only exceptional circumstances warrant granting a motion for reconsideration. 869 F.2d at 1128. Reconsideration is not a mechanism for parties to re-raise issues following an adverse ruling. *Hagerman*, 839 F.2d at 414. Rather, motions for reconsideration are only proper where an improper judgment bars adequate redress. *Atkinson*, 43 F.3d at 373. The instant motion attempts to relitigate the merits of the City of Benton's summary judgment motion, while failing to demonstrate any substantive change in circumstance. *See generally id.*

The case at bar turns on, among other disputed issues, whether the City of Benton, through the BPD, denied Ms. Wortham the benefit of a public entity's service by failing to provide effective communication and meaningful access to Ms. Wortham during its officers' interactions with her and whether Ms. Wortham is entitled to compensatory damages as a result. Citing binding Eighth Circuit authority, this Court rejected the City of Benton's argument that Ms. Wortham cannot as a matter of law demonstrate that she was denied the benefit of a public entity's service and, again citing binding Eighth Circuit authority, stated in its September 13, 2021, Order that making effective communication and meaningful access determinations is a "context-dependent" and

"fact-intensive inquiry." *Durand v. Fairview Health Servs.*, 902 F.3d 836, 842 (8th Cir. 2018) (citations omitted). Nothing substantive, save the City of Benton's new contentions that this Court made a clear error because of its inability to analyze properly the law and facts before it, has changed (Dkt. No. 66). This case is an "inherently fact-intensive" dispute. *Crane v. Lifemark Hosp., Inc.,* 898 F.3d 1130, 1135 (11th Cir. 2018). Fact intensive cases often preclude summary judgment by their very nature. *Hooper v. City of St. Paul*, No. 17-CV-3442 (PJS/DTS), 2019 WL 4015443, at *6 (D. Minn. Aug. 26, 2019) (quoting *Crane*, 898 F.3d at 1135, and citing *Chisolm v. McManimon*, 275 F.3d 315, 327 (3d Cir. 2001) ("Generally, the effectiveness of auxiliary aids and/or services is a question of fact precluding summary judgment." (citations omitted))). Based on the record evidence and both parties' filings, genuine issues of material fact remain as to outcome determinative issues in the case. The Court denies the City of Benton's motion for reconsideration (Dkt. No. 66).

**IV.     Conclusion**

For the foregoing reasons, the Court denies the City of Benton's motion for reconsideration (Dkt. No. 66).

It is so ordered this 6th day of January, 2022.

_____
Kristine G. Baker
United States District Judge